**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| D'ANDRE BRADLEY; DAVID D. MOORE; TARA D. MOORE; BRETT O. SHELTON; ILLINOIS STATE RIFLE ASSOCIATION; and, SECOND AMENDMENT FOUNDATION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 20-cv-4270 |
| v. | ) ) | Judge Ronald A. Guzman |
| BRENDAN F. KELLY, in his official capacity as Direct of the Illinois State Police; and JESSICA TRAME, in her official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants, Brendan Kelly, in his official capacity as the Director of the Illinois State Police ("ISP"); and Jessica Trame; in her official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau; by their attorney, Kwame Raoul, Attorney General of Illinois, hereby move to stay discovery pending resolution of their motion to dismiss. In support of this motion, that Defendants expect will be opposed, Defendants state as follows:

1.  Plaintiffs filed their Complaint on July 20, 2020. ECF No. 1.

2.  Defendants filed a Motion to Dismiss and supporting Memorandum on September 17, 2020. ECF Nos. 13-14. Defendants brought their Motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and allege that this Court lacks jurisdiction over Plaintiffs' claims because the individual Plaintiffs' claims are moot and the organizational Plaintiffs lack standing. *See id.*

1

3. It is well established that a "court has broad discretion over pretrial discovery rulings." *Thermal Design, Inc. v. American Society of Heating, Refrigeration and Air-Conditioning, Engineers, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014). A court's power to stay discovery is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Therefore, a court may stay discovery pending a motion to dismiss. *Landis*, 299 U.S. at 254.

4. Here, a stay of discovery is particularly appropriate because the Defendant's motion argues that this Court lacks subject matter jurisdiction over this matter. Federal courts lack subject matter jurisdiction when a case becomes moot. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

5. Other courts have recognized that when subject matter jurisdiction is challenged, it is appropriate to stay discovery. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988) ("It is recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."); *Harper v. Central Wire, Inc.*, No. 19-CV-502878, 2020 WL 5230746, *2 (N.D. Ill. Sep. 2, 2020) (stating that jurisdiction is a threshold issue that supports a stay of discovery). This reasoning should be applied here. If Defendants' motion to dismiss is granted, this Court will have to dismiss this matter. As such, it is unduly burdensome to require Defendants to engage in any discovery before the threshold question of subject-matter jurisdiction is resolved.

6.  Further, there is currently a motion pending in *Thomas et al. v. Illinois State Police et al.*, Case No. 20-CV-734 (N.D. Ill.), to have this matter reassigned to the Honorable Judge Mary M. Rowland as related pursuant to Local Rule 40.4.

7.  The pending motion in *Thomas* also supports staying discovery in this matter, as both cases are still in their preliminary stages. ECF No. 15-1 at 4-5. As such, any stay in discovery will not have a substantial delay in this case. Finally, because of the significant overlap between the two cases, if this matter is reassigned to Judge Rowland, it is possible that a single discovery schedule will be set for both cases, eliminating unnecessary duplication of efforts on behalf of all parties and the court. *Texas Indep. Producers and Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir 2005) internal quotation omitted (recognizing that a stay of proceedings pending the outcome of related litigation is appropriate to avoid "unnecessary duplication of judicial machinery."); *Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 11-C-2440, 2011 WL 4007731 at *3 (N.D. Ill. Sep. 9, 2011) (stating that reassignment of a related case can avoid wasteful duplication in discovery).

8.  Due to the nature of Defendants motion to dismiss and the pending motion to reassign in the *Thomas* case, a stay of discovery is appropriate because requiring Defendants to engage in discovery would impose an undue burden on the Defendants. Further, if the motion to reassign filed in *Thomas* is granted, it would undermine one of the goals of reassignment, which is to allow discovery to proceed in tandem to promote judicial economy.

9.  Defendants' counsel met and conferred with Plaintiffs' counsel on September 21, 2020 via Zoom regarding this proposed motion. Plaintiffs' counsel opposes the motion.

WHEREFORE, Defendants respectfully request that this Court grant their motion and stay all discovery in this case pending resolution of the Defendants' motion to dismiss.

September 23, 2020

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois
*/s/ Mary A. Johnston*
Mary A. Johnston
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-3737
mjohnston@atg.state.il.us

**CERTIFICATE OF SERVICE**

I certify that on September 23, 2020, I caused a copy of the foregoing *Defendants' Motion to Stay Discovery* to be filed electronically on CM/ECF, which will cause a notice of filing to be sent to all counsel of record who have entered appearances.

*/s/ Mary A. Johnston*

4