IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D'ANDRE BRADLEY; DAVID D. MOORE; TARA D. MOORE; BRETT O. SHELTON; ILLINOIS STATE RIFLE ASSOCIATION; and SECOND AMENDMENT FOUNDATION, INC.<br><br>    Plaintiffs,<br><br>    v.<br><br>BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; and JESSICA TRAME, in her official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau,<br><br>    Defendants.<br>_____<br><br>BRUCE DAVIDSON, and SARAH DAVIDSON,<br><br>    Plaintiff-Intervenors<br><br>    v.<br><br>BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; and JESSICA TRAME, in her official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau,<br><br>    Defendants in Intervention. | No. 20-cv-4270<br><br>Hon. Ronald A Guzman,<br><br>    presiding |

COMPLAINT IN INTERVENTION

NOW COME Bruce Davidson, pro se, and Sarah Davidson, by her

attorney Bruce Davidson, Plaintiff-Intervenors, and make this their Complaint against Defendants in Intervention ("Defendants"):

1. Plaintiff-Intervenors Bruce Davidson ("Bruce") and Sarah ("Sarah") Davidson (the "Davidsons") are citizens of the United States, domiciled in the Village of Hinsdale in DuPage County.

2. On July 20, 2020, the Davidsons each applied for a Firearm Owners Identification ("FOID") card, pursuant to section 4 of the Firearm Owners Identification Card Act, 430 ILCS 65/. Each application was complete, and provided all requested and/or required information. Payment in the amount of twelve dollars was made by electronic means, by both Bruce and Sarah.

3. Defendants, through their employees and/or agents, confirmed receipt of Bruce's application and payment (no. 21063924), and confirmed receipt of Sarah's application and payment (no. 21064050).

4. The applications submitted by the Davidsons, as well as records available to Defendants, show the Davidsons are qualified to have their applications granted. There are no disqualifying causes, as set forth in 430 ILCS 65/4(a) for denial of either Bruce's, or Sarah's, application. There is no statutory provision outside section 4(a) for cause to deny a FOID, and none of the statutory provisions within section 4(a) provide reason for delay of approving an application, or issuing a FOID card.

5. As of the date the Davidson's Motion for Leave to Intervene was filed (September 28, 2020), Defendants' have failed to issue, or deny, FOID

cards to either of the Davidsons, notwithstanding the express requirements of 430 ILCS 65/5(a).

6. Davidsons have monitored (online at https://ispfsb.com) the status of their applications, as suggested in the confirmation notices received from Defendants, and – as of the September 28, 2020, filing of the Motion for Leave to Intervene herein – those applications were shown as "under review". No information is provided concerning why the applications are delayed, or when action will be taken to approve or deny the applications.

7. Attempt was made to check status by telephone, but the call was automatically disconnected before status could be checked, and before any connection was made to a live human being.

8. Pending action by Defendants to fulfill their Illinois statutory and Federal Constitutional rights, the Davidsons suffer continuing injury on a daily basis (including, but not limited to, their ability to keep and bear arms, and to defend themselves against potential attacks on their property and persons) which is irremediable at law, and which merit injunctive relief and/or *per diem* compensation.

9. Fulfilling their clear and unequivocal statutory duties will impose no burden on Defendants, other than that imposed by the statute itself.

10. The allegations of the principal "Complaint in Law and Equity" are well- and truly-pleaded, and the Davidsons join in alleging ¶¶ 1-10, 21-47, and 53-64 thereof, as if fully set forth herein (except that those allegations naming individuals are herein amended, specifically to add the Davidsons)

WHEREFORE, Plaintiff-Intervenors Bruce Davidson and Sarah Davidson pray this Honorable Court will enter judgment in their favor, and against Defendants:

a) Preliminarily and permanently enjoining them from failing to fulfill their statutory obligations to Plaintiffs-Intervenors under the Firearm Owners Identification Card Act;

b) Requiring Defendants to issue forthwith, FOID cards to Bruce Davidson and Sarah Davidson;

c) Awarding *per diem* compensation for injury and damages, beginning August 19, 2020 (30 days from date of the Davidsons' applications); and,

d) Such other and further relief as the Court may find appropriate in the circumstances.

Respectfully submitted,

Bruce Davidson
Sarah Davidson

By /s/ *Bruce Davidson*
　Bruce Davidson, *pro se*,
　　and attorney for Sarah
　　Davidson

Bruce Davidson
　ARDC Registration no. 0583057
733 North Oak Street
Hinsdale IL 60521
630-947-3117
Akivida@aol.com