IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES D. ROBINSON; JOHN M. MARSZALEK;  )
NATALIA E. LaVALLIE;                   )
MATTHEW D. SORENSON;                   )
ILLINOIS STATE RIFLE ASSOCIATION; and  )
SECOND AMENDMENT FOUNDATION, INC.      )
                                       )
            Plaintiffs,                )
                                       )   No. 1:20 CV 4270
        v.                             )
                                       )
BRENDAN F. KELLY, in his official capacity as  )
Director of the Illinois State Police; and     )
JAROD INGEBRIGTSEN, in his official capacity as )
Bureau Chief of the Illinois State Police Firearms )
Services Bureau,                       )
                                       )
            Defendants.                )

## AMENDED COMPLAINT IN LAW AND EQUITY

COME NOW the Plaintiffs, JAMES D. ROBINSON, JOHN M. MARSZALEK,

NATALIA E. LaVALLIE, MATTHEW D. SORENSON, ILLINOIS STATE RIFLE

ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC., by and

through undersigned counsel, and complain of the Defendants, BRENDAN F.

KELLY, in his official capacity as Director of the Illinois State Police, and JAROD

INGEBRIGTSEN, in his official capacity as Bureau Chief of the Illinois State Police

Firearms Services Bureau, as follows:

1.      In Illinois, the ability to exercise one's Second Amendment right to

keep and bear arms is conditioned on first obtaining a Firearm Owners

Identification ("FOID") card.  430 ILCS 65/2(a)(1).  Without a FOID card, a person

may not even *possess* a firearm, much less purchase one; violation constitutes a Class A misdemeanor; a repeated offense is a Class 4 felony. 430 ILCS 65/14. So exacting and sever as this law is applied, the spouse of a FOID-card-bearing gun owner can be criminally prosecuted if the spouse lacks his her own FOID card because the State may deem the spouse who lacks the card to be in "constructive possession" when the FOID-card-bearing spouse is absent from the home. *See, e.g., People v. Elders*, 63 Ill. App. 3d 554 (5th Dist. 1978); *See also Hicks v. Poppish*, 2011 U.S. Dist. LEXIS 95222, *15 (N.D. Ill. 2011).

2.     The Illinois Legislature imposed this extraordinary[1] statutory scheme that requires a person to submit a form, pay a fee, and not suffer a specified disqualification in order to possess or purchase a firearm *or* ammunition. Unless and until the applicant actually obtains and holds in his or her hand the piece of plastic that is the FOID card, the person cannot exercise the most basic Second Amendment right to possess a firearm in one's home for self-defense.

3.     Undoubtedly recognizing the constitutional imposition the FOID scheme presents, the Illinois legislature required the Illinois State Police ("ISP") to **either approve or deny** an application for a FOID card **within 30 days**. 430 ILCS 65/5(a). But despite this statutory command, the ISP commonly does *not* approve qualified residents' applications within 30 days.

_____

[1] Illinois is just one of two states to impose this Second Amendment restriction for possession of a rifle, the other being Massachusetts. Mass. Gen. Laws ch. 140, § 129C.

2

4.     Instead, the ISP leaves applicants in limbo for months, with residents commonly waiting as long as 60 to 90 days to receive a FOID card. That has been true for years, and it has only become worse as applications for FOID cards have surged in response to recent looting and violence.

5.     And the consequences for delay are neither abstract nor a mere inconvenience; they are a matter of life and death.  Sadly, in similar situations, where the government bureaucracy legislatively empowered to act as a Second Amendment gatekeeper has dithered in processing applications, there have been fatal results.[2]

6.     The Illinois residents who are Plaintiffs in this lawsuit have all been waiting longer than 30 days to receive the FOID cards for which they have applied. Many members of the organizational Plaintiffs in this case, the Illinois State Rifle Association ("ISRA") and the Second Amendment Foundation ("SAF"), have also been waiting longer than 30 days to receive the FOID cards for which they have applied.

7.     Illinois cannot justify completely and indefinitely denying its residents their fundamental Second Amendment right to possess a firearm to defend their lives, families, and homes while they wait for the ISP to approve their FOID card

---

[2] For example, Carol Bowne was stabbed to death outside her Berlin, New Jersey home by an ex-boyfriend while the Berlin Township Chief of Police, the bureaucrat charged with deciding whether Ms. Bowne really needed a pistol for self-defense, processed her application.  Ms. Bowne's application specifically stated her fear of death or great bodily harm from the man who ultimately killed her. https://www.fox5dc.com/news/no-one-helped-her-nj-woman-murdered-by-ex-while-awaiting-gun-permit.

applications. Simply put, if the State of Illinois is going to condition the exercise of a fundamental right on the receipt of a license, then the process for issuing that license cannot be defective to the point of near-inoperable.

8.      Plaintiffs have therefore brought this lawsuit to protect their Second Amendment rights, and, in the case of Plaintiffs ISRA and SAF, their members' Second Amendment rights. They ask this Court to (1) declare that the ISP's failure to issue FOID cards to qualified applicants within 30 days violates the Second and Fourteenth Amendments, and (2) order the state to immediately issue FOID cards to the individual Plaintiffs and to members of ISRA and SAF who applied for FOID cards more than 30 days ago, who have not had their applications approved or denied.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 1983 because this action seeks to redress the Defendants' deprivation, under color of state law, of rights protected by the U.S. Constitution.

10.      Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to this action are harming Plaintiffs in this District.

## PARTIES

### Plaintiffs

11.     Plaintiff James D. Robinson is an individual over 21 years of age who resides in the City of Blue Island in Cook County, Illinois. Mr. Robinson has a B.A. in Philosophy from North Central College in Naperville, Illinois. He has two daughters and is currently employed as a retail manager in Munster, Indiana.

12.     Plaintiff John M. Marszalek is an individual over 21 years of age who resides in the Village of Carol Stream in DuPage County, Illinois. He has a B.F.A. in theater from Columbia College in Chicago, Illinois. He is currently employed as an Operations Director for a property management company in Lincolnwood, Illinois.  He is married with four children.

13.     Plaintiff Natalia D. LaVallie is an individual over 21 years of age who resides in the Village of Geneva in Kane County, Illinois. Dr. LaVallie has a Bachelor's degree from George Washington University in Washington, D.C., graduated *cum laude* as a Doctor of Chiropractic from Life University in Marietta, Georgia, and received advanced training in animal chiropractic from Parker University in Dallas, Texas. In addition to her regular chiropractic practice in St. Charles, Illinois, she is certified in animal chiropractic by the Animal Chiropractic Certification Commission of the American Veterinary Chiropractic Association. She founded Barnyard Chiropractic as a mobile chiropractic practice to support animals and their humans in the comfort of their own home.

14.     Plaintiff Matthew D. Sorenson is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois. Mr. Sorenson has a Bachelor of Business Administration in accounting from the University of Iowa, and a Master of Accounting Science from Northern Illinois University. He is a Certified Public Accountant and a Certified Financial Planner. He is the owner of a tax and financial planning practice in Chicago.

15.     Plaintiff ISRA is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA has more than 26,000 members and supporters in Illinois, and many members outside the State of Illinois. The organizational purposes of ISRA include securing the constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation. ISRA brings this action on behalf of itself and its members.

16.     In addition, ISRA operates a firing range in Bonfield, Illinois, for use by members of its range. Range membership is separate from general ISRA membership.

17.     ISRA has members who are Illinois residents and have applied for Illinois FOID cards but have not received their cards, or had their applications denied for cause, within 30 days as state law requires.

18.     These ISRA members would possess one or more firearms in Illinois but refrain from doing so because they do not wish to be prosecuted for possessing a firearm without a FOID card.

19.     Plaintiff SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes residents of Illinois. SAF has over 650,000 members and supporters nationwide. The organizational purposes of SAF include education, research, publishing, and legal action focusing on the constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

20.     SAF has members who are Illinois residents and have applied for Illinois FOID cards but have not received their cards, or had their applications denied for cause, within 30 days as state law requires.

21.     The individual plaintiffs are members of both ISRA and SAF.

**Defendants**

22.     Defendant Brendan F. Kelly is the Director of the Illinois State Police ("ISP").

23.     The ISP is a department of the executive branch of the State of Illinois created by statute, 20 ILCS 2605/2605-1, *et seq.* Under the Illinois Firearm Owners Identification Card Act, 430 ILCS 65/1, *et seq.* ("FOID Card Act"), the ISP is charged with administering the system for consideration applications for, granting, denying, and/or revoking individual licenses to possess firearms under the FOID Card Act.

24.     Defendant Kelly is the ISP employee directly responsible for the administration of the FOID Card Act. As such, Defendant Kelly is responsible for

7

the ISP's failure to issue FOID cards to Plaintiffs within 30 days of receiving their applications. He is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

25. Jarod Ingebrigtsen is the Bureau Chief of the Firearm Services Bureau ("FSB"), a division of the ISP established to administer programs relating to firearms delegated to the ISP, including under the FOID Card Act. Having the power to make decisions in these programs, the FSB is an administrative agency of the State of Illinois as defined by 735 ILCS 5/3-101.

26. As Bureau Chief of the FSB, Defendant Ingebrigtsen is directly responsible for the ISP's failure to issue FOID cards to Plaintiffs and others within 30 days of receiving their applications. He is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

## FACTS

### *Illinois's FOID Card Requirement*

27. Under Illinois law, an individual must obtain a FOID card to be allowed to possess any firearm.

28. 430 ILCS 65/2 states, in relevant part:

> Sec. 2. Firearm Owner's Identification Card required; exceptions.
>
> (a)    (1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.

8

> (2) No person may acquire or possess firearm ammunition within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.
>
> …

29.     Illinois also provides that the ISP must "either approve or deny all [FOID card] applications within 30 days from the date they are received," except for renewal applications, which are to be approved or denied within 60 days. 430 ILCS 65/5.

30.     The ISP must approve a FOID card application unless a disqualifying factor listed in the FOID Card Act (such as a felony conviction or certain mental health problems) applies. *See* 430 ILCS 65/8.

*Illinois's Failure to Timely Issue FOID Cards*

31.     Despite the statutory requirement, the ISP often does *not* approve or deny new FOID card applications within 30 days.

32.     For years, the ISP has commonly taken much longer than 30 days to approve qualified applicants' FOID card applications.

33.     For example, in March 2013, the ISP publicly admitted that applicants were waiting 64 days to receive a FOID card. *See Illinois Gun Buyers Now Waiting More than 60 Days for FOID Card*, CBS Chicago, Mar. 27, 2013.[3]

---

[3] https://chicago.cbslocal.com/2013/03/27/illinois-gun-buyers-now-waiting-more-than-60-days-for-foid-card/.

34.    Others at that time were reporting waits of 10 to 15 weeks to receive a FOID card. *See id.*

35.    In 2020, violence and looting have led to a surge in applications for FOID cards, and the ISP is still failing to issue FOID cards within 30 days as state law requires.

36.    The ISP recently purported that its average time to issue a FOID card is 51 days, but many individuals have experienced much longer delays. *See* Megan Hickey, *Surge in FOID Card Applications After Recent Violence Leads to Backlog*, CBS Chicago, June 10, 2020.[4]

37.    For a significant amount of time, ISRA has received reports from its members and supporters of FOID application delays by the Defendants and the ISP.

38.    For a significant amount of time, SAF has received reports from its members and supporters of FOID application delays by the Defendants and the ISP.

39.    ISRA members who have been waiting longer than 30 days to have their FOID card applications granted or denied include, among others, a 76-year-old male residing in DuPage County, Illinois, who applied for a FOID card in June, 2020.

40.    Plaintiff James D. Robinson applied for a FOID card on February 8, 2020. The ISP still has not approved or denied his application.

41.    Plaintiff John M. Marszalek applied for a FOID card on May 4, 2020. The ISP still has not approved or denied his application.

---

[4] https://chicago.cbslocal.com/2020/06/10/foid-card-application-backlog-illinois-violence-looting/.

42.     Plaintiff Natalia E. LaVallie applied for a FOID card on or about April 15, 2020. The ISP still has not approved or denied her application.

43.     Plaintiff Matthew D. Sorenson applied for a FOID card on June 2, 2020. The ISP still has not approved or denied his application.

44.     None of the individual Plaintiffs is prohibited from obtaining a FOID card under the disqualifying factors listed in 430 ILCS 65/8.

45.     For a significant amount of time, the ISRA has received reports from its members and supporters of FOID application delays by the Defendants and the ISP. *See* Declaration of Richard Pearson.

46.     For a significant amount of time, SAF has received reports from its Illinois members and supporters of FOID application delays by the Defendants and the ISP.

47.     One cause of Defendants' failure to timely process FOID applications is the State of Illinois's persistent refusal to provide the resources necessary to do so.

48.     On September 10, 2019, the State of Illinois Commission on Government Forecasting and Accountability reported that, in the preceding five years, the ISP had more than $29.5 million swept or transferred away from the State Police Firearms Services Fund, the State Police Operations Assistance Fund, and the State Police Services Fund and into other accounts.

49.     That money was to be used for three purposes: background checks for firearm-related services, concealed carry licensing, and administration of the FOID Card Act.

50.     Instead, the more than $29.5 million has been subject to interfund transfers, which are ostensibly to be repaid, but which have not been, or has been swept into other accounts with no obligation to reimburse the funds at all.

51.     The effect of this has been a systematic slowdown and sometimes halt of the processing of applications under the FOID Card Act. Even before the state lockdown in response to COVID-19, applicants commonly made many attempts to reach someone at the ISP by phone with no success. In the unlikely event that a person would answer, the applicant is usually told only that his or her case is under review.

*Injury to Plaintiffs*

52.     The individual Plaintiffs are each injured by the Defendants' failure to issue them FOID cards within 30 days of receiving their respective applications because this failure has completely deprived them of their right to keep and bear arms and to use a firearm to defend their lives, families, and homes. But for the Defendants' failure to issue them FOID cards, the Plaintiffs would immediately obtain and possess firearms in Illinois.

53.     Members of Plaintiffs ISRA and SAF who have applied for, but not timely received, FOID cards are injured by the Defendants' failure to issue FOID cards within 30 days of receiving them because this failure has completely deprived them of their right to keep and bear arms and to use a firearm to defend their lives, families, and homes. But for the Defendants' failure to issue them FOID cards, these individuals would immediately obtain and possess firearms in Illinois.

54.     If not permanently enjoined by this Court, Defendants and their
agents, representatives, and employees will continue to fail to timely approve FOID
card applications, which deprive the individual Plaintiffs and the members of
Plaintiffs ISRA and SAF of their constitutionally protected right to keep and bear
arms. Thus, Defendants' challenged practices are now causing and will continue to
cause Plaintiffs to suffer irreparable injury, including but not limited to deprivation
of their right to keep and bear arms. Plaintiffs have no plain, speedy, and adequate
remedy at law for their injuries.

55.     ISRA is also directly injured by the state's failure to timely approve
FOID cards.  To use the ISRA's Bonfield shooting range, ISRA members must pay
an additional $600.00 annual range membership fee.  But, as a *prerequisite* to
range membership, the member must have a valid FOID card and submit a written
application that includes his or her FOID card number and expiration date.
Defendants' failure to timely process FOID card applications harms ISRA because it
deprives ISRA of revenue it would otherwise receive while would-be members wait
to receive their FOID cards. *See Craig v. Boren*, 429 U.S. 190, 194 (1976) (vendor
had standing to challenge statute under which she "was obliged either to … incur[]
a direct economic injury through the constriction of her buyers' market, or to
disobey [a] statutory commend and suffer … 'sanctions and perhaps loss of
license'").

56.     An actual and substantial controversy exists between Plaintiffs and
Defendants as to their respective legal rights and duties. Plaintiffs contend,

pursuant to 42 U.S.C. § 1983, that Defendants' challenged practices violate the Second and Fourteenth Amendments. Plaintiffs are informed and believe, and allege on that basis, the Defendants contend otherwise all counts.

### COUNT I: VIOLATION OF RIGHT TO KEEP AND BEAR ARMS U.S. CONST. AMENDS. II AND XIV, 42 U.S.C. § 1983

57. Plaintiffs incorporate and reallege all of the foregoing Paragraphs as if fully restated herein.

58. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

59. The Second Amendment is "fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

60. The right to keep and bear arms protected by the Second Amendment is a fundamental individual right and includes both the right to possess a firearm for "defense of hearth and home," *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) as well as the right to carry a firearm for self-defense outside the home, *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012).

61. Defendants' failure to comply with their statutory obligation and issue FOID cards in accordance with the 30-day legislative command to Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and to the affected members of Plaintiffs ISRA and SAF has completely denied those individuals their constitutionally guaranteed rights to keep and bear arms for self-defense.

14

62.     The Defendants, under color of state law, have deprived and are depriving Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and the affected members of Plaintiffs ISRA and SAF, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution. These individuals were and are thus injured in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of their rights.

63.     The Defendants' failure to timely issue FOID cards and violations of applicants' Second Amendment rights injure Plaintiff ISRA because they deprive ISRA of revenue from individuals who otherwise would be able to become members of its firing range. Plaintiff ISRA is therefore entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of its would-be range members' rights.

## COUNT II: VIOLATION OF RIGHT TO PROCEDURAL DUE PROCESS
## U.S. CONST. AMEND. XIV, 42 U.S.C. §1983

64.     Plaintiffs incorporate and reallege all of the foregoing Paragraphs as if fully restated herein.

65.     By failing or refusing to timely process their FOID applications, the Defendants have denied Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and the affected members of Plaintiffs ISRA and SAF, their constitutionally guaranteed rights to an objective, prompt, and appealable procedure.

66.     Whenever the government requires individuals to obtain a license or permit to exercise a right—especially a fundamental constitutional right—due

process demands that: (a) the burden of proof be allocated to the state, not the individual; (b) the applicant be informed of a specific and brief period within which the government will either grant or deny the license or permit; and (c) the licensing or permitting requirement provide a mechanism for prompt judicial review in the event of the erroneous denial of a license. *See Freedman v. Maryland*, 380 U.S. 51, 58 (1965); *Staub v. City of Baxley*, 355 U.S. 313, 322 (1958).

67.     Defendants' persistent failure to comply with their statutory obligation and issue FOID cards in accordance with the 30 day legislative command has violated and, unless enjoined by this Court, will continue to violate, the due process rights of Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and the affected members of Plaintiffs ISRA and SAF.

68.     Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and the affected members of Plaintiffs ISRA and SAF therefore have been and are being damaged in violation of 42 U.S.C. § 1983.

69.     Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and the affected members of Plaintiffs ISRA and SAF therefore are entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of their rights.

70.     The Defendants' failure to timely issue FOID cards and violations of applicants' Fourteenth Amendment due process rights injure Plaintiff ISRA because they deprive ISRA of revenue from individuals who otherwise would be able to become members of its firing range. Plaintiff ISRA is therefore entitled to

declaratory and preliminary and permanent injunctive relief against the continued deprivation of its would-be range members' rights.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and:

A.    Declare that Defendants' failure to approve or deny for cause applicants' FOID card applications within 30 days violates the Second Amendment;

B.    Declare that Defendants have unjustifiably denied Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and the organizational Plaintiffs' affected members, their Second Amendment right to keep and bear arms for self-defense;

C.    Declare the Defendants' failure to approve or deny for cause qualified applicants' FOID card applications within 30 days violates the Due Process Clause of the Fourteenth Amendment;

D.    Declare that Defendants have unjustifiably denied Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and the organizational Plaintiffs' affected members, their Fourteenth Amendment right to due process;

E.    Enter an injunction ordering Defendants to immediately issue FOID cards to Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and the organizational Plaintiffs' affected members;

F.    In the alternative, if Defendants cannot issue applicants' FOID cards within 30 days as the FOID Card Act requires, enter an injunction against

enforcement of the FOID Card Act until at least such time as Defendants are able to so comply;

G.     Award Plaintiffs their attorney's fees and costs, pursuant to 42 U.S.C. § 1988; and

H.     Award Plaintiffs such other and further relief as it deems just.

Dated: November 9, 2020          Respectfully submitted,

> JAMES D. ROBINSON, JOHN M. MARSZALEK, NATALIA E. LaVALLIE, MATTHEW D. SORENSON, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC.

By:       /s/ David G. Sigale
One of the Attorneys for Plaintiffs

By:       /s/ Gregory A, Bedell
One of the Attorneys for Plaintiffs

By:       /s/ Jacob Huebert
One of the Attorneys for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

Gregory A. Bedell (Atty. ID# 6189762)
KNABE & BEDELL
33 North Dearborn Street
10th Floor
Chicago, Illinois 60602
312.977.9119
gbedell@kkbchicago.com

Jacob Huebert (Atty. ID# 6305339)
Martha Astor (*pro hac vice motion pending*)
Scharf-Norton Center for Constitutional Litigation at the
GOLDWATER INSTITUTE
500 E. Coronado Rd.
Phoenix, AZ 85004
Telephone: (602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Plaintiffs*