IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES D. ROBINSON, *et al.*, | |
| Plaintiffs, | |
| BRUCE DAVIDSON and SARAH DAVIDSON, | Case No. 20-cv-4270 |
| Plaintiff-Intervenors, | Judge Mary M. Rowland |
| v. | |
| BRENDAN F. KELLY, *et al.*, | |
| Defendants. | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff James Robinson and other individuals and organizations bring this action against Brendan Kelly, the Director of the Illinois State Police (ISP), and Jarod Ingebrigtsen, the Bureau Chief of the ISP Firearms Services Bureau, in their official capacities, alleging violations of their Second Amendment rights. Bruce and Sarah Davidson have intervened as plaintiffs. Bruce Davidson, who is an attorney, is acting as the couple's counsel. The defendants move to dismiss the Davidsons' complaint for failing to state a claim. For reasons given below, the Court grants the defendants' Motion to Dismiss [61].

1

I.  Background

The following factual allegations are taken primarily from the Davidsons' Complaint (Dkt. 37) and are accepted as true for the purposes of the motion to dismiss.[1] *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

The Davidsons live in Hinsdale, Illinois. Dkt. 37, Interv. Compl. ¶ 1. Bruce Davidson is an attorney. *Id.* at ¶ 10. Kelly and Ingebrigtsen are officials with the Illinois State Police responsible for managing programs related to firearms. Dkt. 40, Am. Compl. ¶¶ 24, 25.

In Illinois, in order to legally possess firearms or ammunition, one must first obtain a Firearms Owners Identification (FOID) card. Dkt. 1, Compl. ¶ 37. The card issued by the ISP. *Id*. Illinois law requires that the ISP approve or deny applications for FOID cards within thirty days. *Id*. at ¶ 3.

On July 20, 2020, the Davidsons both applied for FOID cards. Dkt. 37, Interv. Compl. ¶ 2. At the time they intervened in this lawsuit, months later, the Davidsons had still not received a decision on their applications. *Id.* ¶ 5. Subsequently, however, they both received FOID cards. *See* Dkt. 52. As a result, the Davidsons' request for injunctive relief is now moot. *See* Dkt. 37, Interv. Compl. ¶ 10. They still seek damages, however, for the harm caused by the delay in granting their applications. *Id.* The defendants seek to dismiss the Complaint for failing to state a claim.

II.  Standard

---

[1] The intervenors' Complaint incorporates by references several paragraphs of the original plaintiffs' original complaint (Dkt. 1).

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

Normally, the Court construes the *pro se* complaint liberally, holding it to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). As noted, Mr. Davidson is an attorney and is acting as counsel for the couple. Individuals with legal training, however, are often held to a higher level. *See DeFina v. Latimer*, 79 F.R.D. 5, 7 (E.D.N.Y. 1977). Meanwhile, all *pro se* litigants must follow rules of civil procedure. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Under either standard of review, the conclusion would be the same in this case.

**III. Analysis**

Now that they have received their FOID cards, the Davidsons' only remaining claim is for damages caused by the delay in their issuance. In the caption of their complaint, and in the portions of the original complaint that they incorporated, the defendants are described as being sued in their "official capacity." The Eleventh Amendment, however, bars suits for damages against state officers in their official capacity. *See Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016). Thus, the Complaint does not state a plausible legal claim.

In their Response, the Davidsons' argue that the defendants are actually being sued in their personal capacity. When sued in their personal capacity, state officials can be liable for damages. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Davidsons reason that the defendants are alleged to have violated state law; violation of state law cannot be an official state policy; and so the defendants are not acting in their official capacity.

4

But whether to pursue an official or personal-capacity suit is the choice of the plaintiff, not a function of the actions of the state official defendant. *See id*. The Complaint clearly states that the defendants are being sued in their official capacity. The incorporated portion of the original complaint states that the defendants are sued in their "official capacity pursuant to the principles set forth in *Ex Parte Young*." Dkt. 1, Compl. ¶ 37; *see Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) (holding that the Eleventh Amendment does not bar suits for injunctive relief against state officials). A plaintiff "may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

Even if the suit were brought against the defendants in their personal capacity, the claim would still fail. To state a claim in a § 1983 suit, the plaintiff must allege a constitutional violation arising from the "defendant's personal acts or decisions." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Neither the original or intervening complaints allege personal actions or decisions taken by the defendants. Instead, they generally state that the defendants had supervisory responsibility for the FOID program. This is insufficient to state a claim under § 1983. The Davidson's Complaint is dismissed without prejudice.

### IV. Conclusion

For the stated reasons, the defendants' Motion to Dismiss [61] is granted. The Intervening Complaint is dismissed without prejudice.

E N T E R:

Dated: May 18, 2021

MARY M. ROWLAND
United States District Judge