IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN M. MARSZALEK; ILLINOIS STATE RIFLE ASSOCIATION; and SECOND AMENDMENT FOUNDATION, INC.<br><br>    Plaintiffs,<br><br>    v.<br><br>BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; and JAROD INGEBRIGTSEN, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau,<br><br>    Defendants.<br>_____<br><br>BRUCE DAVIDSON, and SARAH DAVIDSON,<br><br>    Plaintiff-Intervenors<br><br>    v.<br><br>BRENDAN F. KELLY, individually, acting under color of state law as Director of the Illinois State Police; and JESSICA TRAME, individually, acting under color of state law as Bureau Chief of the Illinois State Police Firearms Services Bureau,<br><br>    Defendants in Intervention. | No. 20-cv-4270<br><br>Hon. Mary M. Rowland,<br><br>    presiding |

AMENDED COMPLAINT IN INTERVENTION

NOW COME Bruce Davidson, *pro se*, and Sarah Davidson, by her

attorney Bruce Davidson, Plaintiff-Intervenors, and make this their Verified Amended Complaint against Defendants in Intervention ("Defendants"):

1. Plaintiff-Intervenors Bruce Davidson ("Bruce") and Sarah ("Sarah") Davidson (the "Davidsons") are citizens of the United States, domiciled in the Village of Hinsdale in DuPage County.

2. On July 20, 2020, the Davidsons each applied for a Firearm Owners Identification ("FOID") card, pursuant to section 4 of the Firearm Owners Identification Card Act ("FOICA"), 430 ILCS 65/. Each application was complete, and provided all requested and/or required information. Payment in the amount of twelve dollars was made by electronic means, by both Bruce and Sarah.

3. By the express terms of FOICA, the Davidsons' applications should have been either allowed or rejected 30 days after their filing; *i.e.,* by or on August 29, 2020 (430 ILCS 65/5(a)).

4. During the relevant time period (July 20, 2020 through December 11, 2020) Defendant Brendan F. Kelly occupied the office of Director of the Illinois State Police ("ISP"), and Defendant Jessica Trame occupied the office of Bureau Chief of the Illinois State Police Firearms Services Bureau ("the Bureau"), a subsidiary unit of ISP.

5. Defendants, through the employees and/or agents of the Bureau, confirmed receipt of Bruce's application and payment (no. 21063924), and confirmed receipt of Sarah's application and payment (no. 21064050).

6. The applications submitted by the Davidsons, as well as records available to Defendants, showed the Davidsons to be qualified to have their applications granted. There are no disqualifying causes, as set forth in 430 ILCS 65/4(a) for denial of either Bruce's, or Sarah's, application. There is no statutory provision outside section 4(a) for cause to deny a FOID, and none of the statutory provisions within section 4(a) provide reason for delay of approving an application, or issuing a FOID card.

7. As of the date the Davidson's Motion for Leave to Intervene was filed (September 28, 2020), and the filing date of their original Verified Complaint (November 2, 2020), Defendants' had failed either to issue, or deny, or to cause the issuance or denial of, FOID cards to either of the Davidsons, notwithstanding the express requirements of 430 ILCS 65/5(a).

8. FOID cards were subsequently issued to the Davidsons (to Sarah on November 12, 2020, and to Bruce on December 11, 2020); delays, beyond that permitted by FOICA, of 76 days in Sarah's case, and 105 days in Bruce's case.

9. Despite being aware of the legal obligations attending their offices, Defendants failed, during the period specified in ¶¶ 7 & 8 above, to comply with their obligations as State officials under the Second Amendment to the United States Constitution.

10. Any allegation, whether expressed in this pleading or by way of incorporation of other pleadings, that Defendants are being sued for actions "in their official capacity" are meant to allege that they acted under color of

their state office – and not to allege that they acted in the faithful execution of state policy.

11. Despite being aware of the legal obligations attending their offices, Defendants failed, during the period specified in ¶¶ 7 & 8 above, to comply with their obligations to fulfill Illinois state policy as defined by the FOICA.

12. During the period specified in ¶¶ 7 & 8 above, Defendants failed to execute their state and federal legal obligations, while acting under color of state law (by occupying the offices alleged in ¶ 4, above).

13. Defendants' failure to comply with their federal and state obligations, proximately caused the Davidsons to suffer continuing injury on a daily basis (including, but not necessarily limited to, their ability to keep and bear arms, and to defend themselves against potential attacks on their property and persons).

14. The allegations of the principal "Complaint in Law and Equity" (R. 1) are well- and truly-pleaded, and the Davidsons join in alleging ¶¶ 1-10, 21-47, and 53-64 thereof, as if fully set forth herein (except that those allegations naming individual plaintiffs are herein amended, specifically to add the Davidsons).

15. It is the Davidsons' fundamental factual position that Defendants occupied state offices carrying federal constitutional and state-law obligations, and that – while acting under color of their offices – they understood, or should have understood, those obligations. Further, had

Defendants actually acted in their official capacities, they would have faithfully executed state policy, and adhered to the strictures of the United States Constitution. Had Defendants actually acted in their official capacities, they would have caused the Bureau to comply with state policy, by supervising ISP employees in a manner causing such compliance.

16. Instead, Defendants acted as individuals either to (i) expressly direct ISP employees to neglect FOICA state policy, or (ii) knowingly fail to direct ISP employees to comply with FOICA state policy.

17. By the acts or omissions alleged, Defendants caused the Davidsons to suffer mental anguish and emotional distress on account of their consequent disability fully to exercise their Second Amendment rights, and their right to self-defense.

18. The Davidsons do not allege that the State of Illinois has adopted policy violative of the Second Amendment. Neither, however, do they concede that FOICA is constitutional. Rather, the Davidsons choose not to litigate FOICA's constitutionality for purposes of this pleading.

19. The Davidsons assert that FOICA is state policy (whether or not constitutional) and establishes clear, and strict, limits on state licensing requirements. Defendants failed to adhere to that state policy and thus violated the Davidsons' rights under both Illinois and federal law.

WHEREFORE, Plaintiff-Intervenors Bruce Davidson and Sarah Davidson pray this Honorable Court will enter judgment in their favor, and

against Defendants in an amount to be determined at trial, and will award such other and further relief to which they may be entitled by law.

               Respectfully submitted,

               Bruce Davidson
               Sarah Davidson


               By_____
                Bruce Davidson, *pro se*,
                 and attorney for Sarah
                 Davidson

Bruce Davidson
  ARDC Registration no. 0583057
733 North Oak Street
Hinsdale IL 60521
630-947-3117
Akivida@aol.com

## CERTIFICATE OF SERVICE

I, Bruce Davidson, an attorney, hereby certify that on ____ __, 2021, a true and correct copy of the foregoing Amended Complaint in Intervention was electronically filed with the Clerk of the U.S. District Court of the Northern District of Illinois, Eastern Division, via its CM/ECF System and was electronically served to each person listed below:

David G. Sigale, Esq.
Law Firm of David G. Sigale, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630-452-4547
dsigale@sigalelaw.com

Gregory A. Bedell, Esq.
Knabe & Bedell
33 North Dearborn Street
10th Floor
Chicago, Illinois 60602
312-977-9119
gbedell@kkbchicago.com

Mary A. Johnston, Esq.
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, IL 60601
312-721-8734
mjohnston@atg.state.il.us

Jacob Huebert, Esq.
Scharf-Norton Center for
 Constitutional Litigation at the
 Goldwater Institute
 500 E. Coronado Rd.
Phoenix, AZ 85004
Telephone: 602-462-5000
jhuebert@goldwaterinstitute.org
litigation@goldwaterinstitute.org

**DATED**: ____ __, 2021

_____
Bruce Davidson

Bruce Davidson
 ARDC Registration no. 0583057
733 North Oak Street
Hinsdale IL 60521
630-947-3117
Akivida@aol.com