IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN M. MARSZALEK, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BRENDAN KELLY, *et al.*, | ) |
| | ) No. 20-cv-4270 |
| Defendants, | ) |
| | ) Hon. Mary M. Rowland |
| | ) |
| BRUCE DAVIDSON, *et al.* | ) |
| | ) |
| Plaintiff-Intervenors, | ) |
| | ) |
| v. | ) |
| | ) |
| BRENDAN KELLY, *et al.*, | ) |
| | ) |
| Defendants in Intervention. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS INTERVENOR-PLAINTIFFS'
<u>AMENDED COMPLAINT IN INTERVENTION</u>**

Defendants Brendan F. Kelly, individually. acting under color of state law as Director of the Illinois State Police ("ISP"), and Jessica Trame[1], individually, acting under color of state law as Bureau Chief of the Illinois State Police Firearms Services Bureau, through Kwame Raoul, Attorney General of Illinois, and in support of their Motion to Dismiss Intervenor-Plaintiffs Bruce Davidson and Sarah Davidson's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) state as follows.

---

[1] Jessica Trame has not been the Bureau Chief of the Illinois State Police Firearms Services Bureau since January of 2020.

1

**INTRODUCTION**

Intervenor-Plaintiffs filed their Motion in Intervention on November 2, 2020. ECF No. 37. The original Complaint in Intervention alleged that Defendants, in their official capacities, violated the Intervenor-Plaintiffs' Second Amendment rights by failing to process their Firearm Owner Identification (FOID) cards within thirty days pursuant to 430 ILCS 65/5(a). Intervenor-Plaintiffs have since received their respective FOID cards and, accordingly, any claim for injunctive relief is moot. *See* ECF No. 52 (withdrawing motion for preliminary injunction because the requested relief is moot). After fully briefing the Defendants' motion to dismiss, this Court dismissed the Complaint in Intervention and held that the Eleventh Amendment barred the Davidsons' request for damages. ECF No. 81 at 4.

Intervenor-Plaintiffs then filed this Amended Complaint in Intervention. ECF No. 91. In their Amended Complaint in Intervention, the Intervenor-Plaintiffs allege that they waited more than thirty days to receive their Firearm Owners Identification Cards ("FOID Cards"), in violation of the Firearms Owners Identification Card Act ("FOID Card Act"), 430 ILCS 65/1 *et seq. Id.* at ¶ 2-3. At this time, each Intervenor-Plaintiff has received their respective FOID cards. *Id.* at ¶ 8. In their Amended Complaint in Intervention, Intervenor-Plaintiffs assert that the Defendants acted outside of the scope of their official duties to violate their Second and Fourteenth Amendment rights when the Intervenor-Plaintiffs' FOID card applications were not processed within thirty days. *See* ECF No. 91. Plaintiffs allege that they are entitled to damages from the Defendants in their individual capacities. *See id.*

But Intervenor-Plaintiffs have failed to adequately plead individual capacity claims against Defendants. The Amended Complaint in Intervention does not allege that Defendants personally took any action that affected their applications, and therefore does not state a valid

Section 1983 claim against them. Accordingly, Plaintiffs' Amended Complaint in Intervention should be dismissed.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content as "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts as true, but it must also "draw on its judicial experience and common sense" to determine if the plaintiff has stated a plausible claim for relief. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal* 556 U.S. at 678. If, upon its review, the court determines that a plaintiff has failed to meet this plausibility requirement, the matter should be dismissed.

## ARGUMENT

Intervenor-Plaintiffs have received their FOID cards, so at this point the only issue is whether they are entitled to damages. ECF No. 91 at ¶ 8. Intervenor-Plaintiffs have amended their claims and named Defendants Kelly and Trame in their individual capacities in an attempt to circumvent the Eleventh Amendment and obtain monetary damages. But Plaintiffs have not stated viable individual capacities claims.

Section 1983 only creates liability "for a defendant's personal acts or decisions." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Here, however, Intervenor-Plaintiffs have not alleged that Defendants Kelly or Trame personally took any action that affected their individual

3

applications. *See* ECF No. 91. Rather, the Intervenor-Plaintiffs rely on a theory of supervisory liability, alleging that by virtue of their offices, Defendants should have "caused the Bureau to comply with state policy, by supervising ISP employees in a manner causing such compliance." ECF No. 91 at ¶ 15.

This is insufficient to state a claim. Section 1983 "does not permit suits against parties merely for their supervision of others." *Hurt v. Corcoran*, Case No. 17-cv-7909, 2019 WL 34842819, at *8 (quoting *Green v. Beth*, No. 18-2900, 770 Fed. Appx. 273, 2019 WL 2082020 at *2 (7th Cir. 2019). For a supervisor to be liable for a constitutional violation, she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [she] might see." *Tillman v. Burge*, 813 F. Supp. 2d 946, 974 (N.D. Ill. 2011), *quoting Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

The Intervenor-Plaintiffs have not come close to meeting this standard. The Amended Complaint in Intervention includes a single allegation inferring that any delays in processing applications means that Defendants Kelly and Trame either "expressly direct[ed] ISP employees to neglect" the FOID Card Act or "knowingly fail[ed] to direct [Illinois State Police] employees to comply with [the FOID Card Act]." *Id.* at 16. But this speculative and conclusory assertion, unsupported by any factual allegations, cannot state a claim. *See Iqbal*, 556 U.S. at 678 (a viable pleading must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Twombly*, 550 U.S. at 570 (dismissing claim when plaintiffs failed to "nudge their claims across the line from conceivable to plausible").

Simply put, the Intervenor-Plaintiffs' theory requires "a chain of inferences that is too attenuated" to support individual capacity claims against either Defendant Kelly or Trame. *Wilson v. Illinois Dep't of Fin. and Pro. Regul.*, 376 F. Supp. 3d 849, 869 (N.D. Ill. Mar. 25, 2019)

(dismissing individual liability claim when plaintiff failed to allege sufficient involvement with alleged injury). Accepting Intervenor-Plaintiffs' theory would undermine the Eleventh Amendment and create individual liability for the supervisors of State agencies for any alleged constitutional violation.

Finally, even if Intervenor-Plaintiffs had stated viable individual capacity claims, they would not be entitled to damages because their Second and Fourteenth Amendment rights were never violated. This Court evaluated virtually identical claims when it ruled on the motion for preliminary injunction filed in the underlying case. *See* ECF No 87. In its thorough and well-reasoned opinion, the Court concluded that delays in processing FOID card applications, such as the delays in processing the Intervenor-Plaintiffs' cards do not amount to a Second Amendment violation. *Id.* at 22. This Court also stated that balance of interests between FOID card applicants and the State's interest in regulating who legally obtains firearms "suggest[s] that the FOID process is adequate from a due process perspective." *Id.* at 24-25. As such, Intervenor-Plaintiffs would not be entitled to any damages. Because Intervenor-Plaintiffs cannot state any viable claim their Amended Complaint in Intervention should be dismissed with prejudice.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court dismiss Intervenor-Plaintiffs' Amended Complaint in Intervention and grant any other relief deemed just and proper.

5

Dated: July 16, 2021

                                                  Respectfully Submitted,

KWAME RAOUL                           */s/ Mary A. Johnston*
Attorney General of Illinois             MARY A. JOHNSTON
                                                  Assistant Attorney General
                                                  Office of the Illinois Attorney General
                                                  100 West Randolph Street, 13th Floor
                                                  Chicago, Illinois 60601
                                                  (312) 814-3739
                                                  mary.johnston@illinois.gov

                                                  *Counsel for Defendants*