IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN M. MARSZALEK, *et al*., | ) |
| | ) |
| Plaintiffs, | ) No. 20-cv-4270 |
| | ) |
| v. | ) Hon. Mary M. Rowland |
| | ) |
| BRENDAN KELLY, *et al*., | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, Brendan Kelly, in his official capacity as Director of the Illinois State Police, and Captain Gregory Hacker[1], in his official capacity as the Chief of the Firearm Services Bureau, by and through their attorney, Kwame Raoul, Attorney General of Illinois, in answer to Plaintiffs' Amended Complaint, state as follows:

1.      In Illinois, the ability to exercise one's Second Amendment right to keep and bear arms in conditioned on first obtaining a Firearm Owners Identification ("FOID") card. 430 ILCS 65/2(a)(1). Without a FOID card, a person may not even *possess* a firearm, much less purchase one; violation constitutes a Class A misdemeanor; a repeated offense is a Class 4 felony. 430 ILCS 65/14. So exacting and sever as this law is applied, the spouse of a FOID-card-bearing gun owner can be criminally prosecuted if the spouse lacks his her own FOID card because the State may deem the spouse who lacks the card to be in "constructive possession" when the FOID-card-bearing spouse is absent from home. *See e.g. People v. Elders*, 63 Ill. App. 3d 554 (5th Dist. 1978); *See also Hicks v. Poppish*, 2011 U.S. Dist. LEXIS 95222, *15 (N.D. Ill. 2011).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Captain Hacker was automatically substituted in as a Defendant in this lawsuit when he became the Chief of the Firearm Services Bureau.

1

**ANSWER: Defendants admit that Illinois law requires that an individual have a FOID card to possess or purchase a firearm and that a violation of 430 ILCS 65/1 *et seq.* (the "FOID Card Act") can constitute criminal charges ranging from a Class A misdemeanor to a Class 4 felony as described in the FOID Card Act. Defendants deny the remaining allegations contained in Paragraph No. 1.**

2. The Illinois Legislature imposed this extraordinary[2] statutory scheme that requires a person to submit a form, pay a fee, and not suffer a specified disqualification in order to possess or purchase a firearm *or* ammunition. Unless and until the applicant actually obtains and holds in his or her hand the piece of plastic that is the FOID card, the person cannot exercise the most basic Second Amendment right to possess a firearm in one's home for self-defense.

**ANSWER: Defendants admit that the FOID Card Act was passed by the Illinois Legislature and that in Illinois an individual must have a FOID card to legally own a firearm. Defendants deny the remaining allegations contained in Paragraph No. 2.**

3. Undoubtedly recognizing the constitutional imposition the FOID scheme presents, the Illinois legislature required the Illinois State Police ("ISP") to *either approve or deny* an application for a FOID card *within 30 days*. 430 ILCS 65/5(a). But despite this statutory command, the ISP commonly does *not* approve qualified residents' applications within 30 days.

**ANSWER: Defendants admits that 430 ILCS 65/5(a) states that FOID card applications shall be approved or denied within 30 days unless certain statutory exceptions exist and that there is a backlog of FOID card applications to be processed. Defendants deny the remaining allegations contained in Paragraph No. 3.**

---

[2] Illinois is just one of two states to impose this Second Amendment restriction for possession of a rifle, the other being Massachusetts. Mass. Gen. Laws ch. 140, § 129C.

4. Instead, the ISP leaves applicants in limbo for months, with residents commonly waiting as long as 60 to 90 days to receive a FOID card. That has been true for years, and it has only become worse as applications for FOID cards have surged in response to recent looting and violence.

**ANSWER:** **Defendants admit that in the past there has been a backlog of FOID card applications to be processed. Defendants deny the remaining allegations contained in Paragraph No. 4.**

5. And the consequences for delay are neither abstract nor a mere inconvenience; they are a matter of life and death. Sadly, in similar situations, where the government bureaucracy legislatively empowered to act as a Second Amendment gatekeeper has dithered in processing applications, there have been fatal results.[3]

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 5.**

6. The Illinois residents who are Plaintiffs in this lawsuit have all been waiting longer than 30 days to receive the FOID cards for which they have applied. Many members of the organizational Plaintiffs in this case, the Illinois State Rifle Association ("ISRA") and the Second Amendment Foundation ("SAF"), have also been waiting longer than 30 days to receive the FOID cards for which they have applied.

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 6 as it relates to Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson. Defendants lack knowledge or**

---

[3] For example, Carol Bowne was stabbed to death outside her Berlin, New Jersey home by an ex-boyfriend while the Berlin Township Chief of Police, the bureaucrat charged with deciding whether Ms. Bowne really needed a pistol for self-defense, processed her application. Ms. Bowne's application specifically stated her fear of death or great bodily harm from the man who ultimately killed her. https://www.fox5dc.com/new/no-one-helped-her-nj-woman-murdered-by-ex-while-awaiting-gun-permit.

**information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 6.**

7. Illinois cannot justify completely and indefinitely denying its residents their fundamental Second Amendment right to possess a firearm to defend their lives, families, and homes while they wait for the ISP to approve their FOID card applications. Simply put, if the State of Illinois is going to condition the exercise of a fundamental right on the receipt of a license, then the process for issuing that license cannot be defective to the point of near-inoperable.

**ANSWER:    Defendants deny the allegations contained in Paragraph No. 7.**

8. Plaintiffs have therefore brought this lawsuit to protect their Second Amendment rights, and, in the case of Plaintiffs ISRA and SAF, their members' Second Amendment Rights. They ask this Court to (1) declare that the ISP's failure to issue FOID cards to qualified applicants within 30 days violates the Second and Fourteenth Amendments, and (2) order the state to immediately issue FOID cards to the individual Plaintiffs and to members of ISRA and SAF who applied for FOID cards more than 30 days ago, who have not had their applications approved or denied.

**ANSWER:    Defendants admit that Plaintiffs assert that their Second Amendment rights have been violated, that Plaintiffs ISRA and SAF assert that the Second Amendment rights of certain members of their organizations have been violated, and that Paragraph No. 8 states the relief that Plaintiffs seek through this lawsuit.  Defendants deny that the rights of the Plaintiffs, or any members of the ISRA or SAF have been violated, and deny any remaining allegations of Paragraph No. 8.**

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 1983 because this action seeks to redress the Defendants' deprivation, under color of state law, of rights protected by the U.S. Constitution.

**ANSWER: Defendants admit that this court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202, and 42 U.S.C. § 1983. Defendants deny that they have violated any of Plaintiffs' rights.**

10. Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to this action are harming Plaintiffs in this district.

**ANSWER: Defendants admit that venue in this court is appropriate and deny the remaining allegations contained in Paragraph No. 10.**

## PARTIES

**Plaintiffs**

11. Plaintiff James D. Robinson is an individual over 21 years of age who resides in the City of Blue Island in Cook County, Illinois. Mr. Robinson has a B.A. in Philosophy from North Central College in Naperville, Illinois. He has two daughters and is currently employed as a retail manager in Munster, Indiana.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11.**

12. Plaintiff John M. Marszalek is an individual over 21 years of age who resides in the Village of Carol Stream in DuPage County, Illinois. He has a B.F.A. in theater from Columbia College in Chicago, Illinois. He is currently employed as an Operations Director for a property management company in Lincolnwood, Illinois. He is married with four children.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12.**

13. Plaintiff Natalia D. LaVallie is an individual over 21 years of age who resides in the Village of Geneva in Kane County, Illinois. Dr. LaVallie has a Bachelor's degree from George Washington University in Washington, D.C., graduated *cum laude* as a Doctor of Chiropractic from Life University in Marietta, Georgia, and received advanced training in animal chiropractic from Parker University in Dallas, Texas. In addition to her regular chiropractic practice in St. Charles, Illinois, she is certified in animal chiropractic by the Animal Chiropractic Certification Commission of the American Veterinary Chiropractic Association. She founded Barnyard Chiropractic as a mobile chiropractic practice to support animals and their humans in the comfort of their own home.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13.**

14. Plaintiff Matthew D. Sorenson is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois. Mr. Sorenson has a Bachelors of Business Administration in accounting from the University of Iowa, and a Master of Accounting Science from Northern Illinois University. He is a Certified Public Accountant and a Certified Financial Planner. He is owner of a tax and financial planning practice in Chicago.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph No. 14.**

15. Plaintiff ISRA is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA has more than 26,000 members and supporters in Illinois, and many members outside the State of Illinois. The

organizational purposes of ISRA include securing the constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation. ISRA brings this action on behalf of itself and its members.

**ANSWER:** **Defendants admit that ISRA is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois and that ISRA purports to bring this action on behalf of itself and its members. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 15.**

16. In addition, ISRA operates a firing range in Bonfield, Illinois, for use by members of its range. Range membership is separate from general ISRA membership.

**ANSWER:** **Defendants admit that ISRA operates a firing range in Bonfield, Illinois, ad lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 16.**

17. ISRA has members who are Illinois residents and have applied for Illinois FOID cards but have not received their cards, or had their applications denied for cause, within 30 days as state law requires.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17.**

18. These ISRA members would possess one or more firearms in Illinois but refrain from doing so because they do not wish to be prosecuted for possessing a firearm without a FOID card.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18.**

19. Plaintiff SAF is a non-profit organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes residents of Illinois. SAF has over 650,000 members and supporters nationwide. The organizational purpose of SAF include education, research, publishing, and legal action focusing on the constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

**ANSWER:** **Defendants admit that SAF purports to bring this action on behalf of itself and its members and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 19.**

20. SAF has members who are Illinois residents and have applied for Illinois FOID cards but have not received their cards, or had their applications denied for cause, within 30 days as state law requires.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 20.**

21. The individual plaintiffs are members of both ISRA and SAF.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 21.**

**Defendants**

22. Defendant Brendan F. Kelly is the Director of the Illinois State Police ("ISP").

**ANSWER:** **Defendants admit the allegations contained in Paragraph No. 22.**

23. The ISP is a department of the executive branch of the State of Illinois created by statute, 20 ILCS 2605/2605-1, *et seq.* Under the Illinois Firearm Owners Identification Card Act, 430 ILCS 65/1, *et seq.* ("FOID Card Act"), the ISP is charged with administering the system for

consideration applications for, granting, denying, and/or revoking individual licenses to possess firearms under the FOID Card Act.

**ANSWER:** **Defendants admit the allegations contained in Paragraph No. 23.**

24. Defendant Kelly is the ISP employee directly responsible for the administration of the FOID Card Act. As such, Defendant Kelly is responsible for ISP's failure to issue FOID cards to Plaintiffs within 30 days of receiving their applications. He is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

**ANSWER:** **Defendants admit that Director Kelly is sued in his official capacity. Defendants deny the remaining allegations contained in Paragraph No. 24.**

25. Jarod Ingebrigtsen is the Bureau Chief of the Firearm Services Bureau ("FSB"), a division of the ISP established to administer programs relating to firearms delegated to the ISP, including under the FOID Card Act. Having the power to make decisions in these programs, the FSB is an administrative agency of the State of Illinois as defined by 735 ILCS 5/3-101.

**ANSWER:** **Defendants admits that Jarod Ingebrigtsen formerly oversaw the Firearm Services Bureau, and pursuant to Federal Rule of Civil Procedure 25(d), the current Chief of the Firearm Services Bureau, Captain Gregory Hacker, is automatically substituted as a Defendant. Defendants do not dispute that at this point in time, Captain Hacker, in his official capacity, is an appropriate defendant in this lawsuit. Defendants admit the remaining allegations contained in Paragraph No. 25.**

26. As Bureau Chief of the FSB, Defendant Ingebrigtsen is directly responsible for the ISP's failure to issue FOID cards to Plaintiffs and others within 30 days of receiving their applications. He is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

**ANSWER:    Defendants admit that Captain Hacker is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908) but deny that Defendant Hacker has violated the Constitution. Defendants deny the remaining allegations contained in Paragraph No. 26.**

## FACTS

*Illinois's FOID Card Requirement*

27.    Under Illinois law, an individual must obtain a FOID card to be allowed to possess any firearm.

**ANSWER:    Outside of certain statutory exceptions contained in 430 ILCS 65/2, Defendants admit the allegations contained in Paragraph No. 27.**

28.    430 ILCS 65/2 states, in relevant part:

> Sec. 2. Firearm Owner's Identification Card required; Exceptions.
>
> (a) (1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.
>
> (2) No person may acquire or possess firearm ammunition within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.
>
> …

**ANSWER:    Defendants admit that this is an accurate recitation of 430 ILCS 65/2(a)(1) and (2).**

29. Illinois also provides that the ISP must "either approve or deny all [FOID card] applications within 30 days from the date they are received," except for renewal applications, which are to be approved or denied within 60 days. 430 ILCS 65/5.

**ANSWER:** **Defendants admit that 430 ILCS 65/5 provides that the ISP must "either approve or deny all [initial FOID card] applications within 30 days from the date they are received," but deny that all renewal application must be approved or denied within 60 days; instead, renewal applications must be approved or denied within 60 business days.**

30. The ISP must approve a FOID card application unless a disqualifying factor listed in the FOID Card Act (such as a felony conviction or certain mental health problems) applies. *See* 430 ILCS 65/8.

**ANSWER:** **Defendants admit the allegations contained in Paragraph NO. 30.**

*Illinois's Failure to Timely Issue FOID Cards*

31. Despite the statutory requirement, the ISP often does *not* approve or deny new FOID card applications within 30 days.

**ANSWER:** **Defendants admit that ISP has not approved or denied some new FOID card applications within 30 days. Defendants deny the remaining allegations contained in Paragraph No. 31.**

32. For years, the ISP has commonly taken much longer than 30 days to approve qualified applicants' FOID card applications.

**ANSWER:** **Defendants admit that the ISP has taken longer than 30 days to approve some qualified applicants' FOID card applications. Defendants deny the remaining allegations contained in Paragraph No. 32.**

11

33. For example, in March 2013, the ISP publicly admitted that applications were waiting 64 days to receive a FOID card. *See Illinois Gun Buyers Now Waiting More than 60 Days for FOID Card*, CBS Chicago, Mar. 27, 2013.[4]

**ANSWER:** **Defendants admit that Paragraph No. 33 accurately reflects the information contained in the referenced publication from March 27, 2013, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 33.**

34. Others at the time were reporting waits of 10 to 15 weeks to receive a FOID card. *See id.*

**ANSWER:** **Defendants admit that Paragraph No. 34 accurately reflects the information contained in the referenced publication from March 2, 2013, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 34.**

35. In 2020, violence and looting have led to a surge in applications for FOID cards, and the ISP is still failing to issue FOID cards within 30 days as state law requires.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "violence and looting have led to a surge in applications for FOID cards." Defendants admit that some FOID card applications have not been issued within 30 days and deny the remaining allegations contained in Paragraph No. 35.**

---

[4] https://chicago.cbslocal.com/2013/03/27/illinois-gun-buyers-now-waiting-more-than-60-days-for-foid-card/.

36. The ISP recently purported that its average time to issue a FOID card is 51 days, but many individuals have experience much longer delays. *See* Megan Hickey, *Surge in FOID Card Applications After Recent Violence Leads to Backlog*, CBS Chicago, June 10, 2020.[5]

**ANSWER: Defendants admit that Paragraph 36 accurately reflects the information contained in the referenced publication from June 10, 2020, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 36.**

37. For a significant amount of time, ISRA has received reports from its members and supporters of FOID application delays by the Defendants and the ISP.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 37.**

38. For a significant amount of time, SAF has received reports from its members and supporters of FOID application delays by Defendants and the ISP.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 38.**

39. ISRA members who have been waiting longer than 30 days to have their FOID card applications granted or denied include, among others, a 76-year-old male residing in DuPage County, Illinois, who applied for a FOID card in June, 2020.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 39.**

40. Plaintiff James D. Robinson applied for a FOID card on February 8, 2020. The ISP still has not approved or denied his application.

---

[5] https://chicago.cbslocal.com/2020/06/10/foid-card-application-backlog-illinois-violence-looting/.

13

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 40 and further state that Plaintiff Robinson's claims were dismissed as moot on June 9, 2021.**

41. Plaintiff John M. Marszalek applied for a FOID card on May 4, 2020. The ISP still has not approved or denied his application.

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 41 and further state that Plaintiff Marszalek's claims were dismissed as moot on June 9, 2021.**

42. Plaintiff Natalia E. LaVallie applied for a FOID card on or about April 15, 2020. The ISP still has not approved or denied her application.

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 42 and further state that Plaintiff LaVallie's claims were dismissed as moot on June 9, 2021.**

43. Plaintiff Matthew D. Sorenson applied for a FOID card on June 2, 2020. The ISP still has not approved or denied his application.

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 43 and further state that Plaintiff Sorenson's claims were dismissed as moot on June 9, 2021.**

44. None of the individual Plaintiffs is prohibited from obtaining a FOID card under the disqualifying factors listed in 430 LICS 65/8.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44.**

45. For a significant amount of time, the ISRA has received reports from its members and supports of FOID application delays by the Defendants and the ISP. *See* Declaration of Richard Pearson.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 45.**

46. For a significant amount of time, SAF has received reports from its Illinois members and supporters of FOID application delays by the Defendants and the ISP.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 46.**

47. One cause of Defendants failure to timely process FOID applications is the State of Illinois's persistent refusal to provide the resources necessary to do so.

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 47.**

48. On September 10, 2019, the State of Illinois Commission on Government Forecasting and Accountability reported that, in the preceding five years, the ISP had more the $29.5 million swept away or transferred away from the State Police Firearms Services Fund, the State Police Operations Assistance Fund, and the State Police Services Fund and into other accounts.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48.**

49. That money was to be used for three purposes: background checks for firearm-related services, concealed carry licensing, and administration of the FOID Card Act.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49.**

50. Instead, the more than $29.5 million has been subject to interfund transfers, which are ostensibly to be repaid, but which have not been, or has been swept into other accounts with no obligation to reimburse the funds at all.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 50.**

51. The effect of this has been a systematic slowdown and sometimes halt of the processing of applications under the FOID Card Act. Even before the state lockdown in response to COVID-19, applicants commonly made many attempts to reach someone at the ISP by phone with no success. In the unlikely event that a person would answer, the applicant is usually told only that his or her case is under review.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 51.**

*Injury to Plaintiffs*

52. The individual Plaintiffs are each injured by the Defendants' failure to issue them FOID cards within 30 days of receiving their respective applications because this failure has completely deprived them of their right to keep and bear arms and to use a firearm to defend their lives, families, and homes. But for the Defendants' failure to issue them FOID cards, the Plaintiffs would immediately obtain and possess firearms in Illinois.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to how any plaintiff would behave if they had a FOID card. Defendants deny the remaining allegations contained in Paragraph No. 52 and further state that the individual plaintiffs claims have all been dismissed as moot.**

53. Members of Plaintiffs ISRA and SAF who have applied for, but not timely received, FOID cards are injured by the Defendants' failure to issue FOID cards within 30 days of receiving them because this failure has completely deprived them of their right to keep and bear arms and to use a firearm to defend their lives, families, and homes. But for the Defendants' failure to issue them FOID cards, these individuals would immediately obtain and possess firearms in Illinois.

16

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to whether any members of the ISRA or SAF have applied for a FOID card more than 30 days ago or how any member of ISRA or SAF would behave if they had a FOID card. Defendants deny the remaining allegations contained in Paragraph No. 53.**

54. If not permanently enjoined by this Court, Defendants and their agents, representatives, and employees will continue to fail to timely approve FOID card applications, which deprive the individual Plaintiffs and the members of Plaintiffs ISRA and SAF of their constitutionally protected right to keep and bear arms. Thus, Defendants' challenged practices are now causing and will continue to cause Plaintiffs to suffer irreparable injury, including but not limited to deprivation of their right to keep and bear arms. Plaintiffs have no plain, speedy, and adequate remedy at law for their injuries.

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 54.**

55. ISRA is also directly injured by the state's failure to timely approve FOID cards. To use the ISRA's Bonfield shooting range, ISRA members must pay an additional $600.00 annual range membership fee. But, as a *prerequisite* to range membership, the member must have a valid FOID card and submit a written application that includes his or her FOID card number and expiration date. Defendants failure to timely process FOID card applications harms ISRA because it deprives ISRA of revenue it would otherwise receive while would-be members wait to receive their FOID cards. *See Craig v. Boren* 429 U.S. 190, 194 (1976) (vendor had standing to challenge statute under which she "was obliged either to … incur[] a direct economic injury through the constriction of her buyers' market, or to disobey [a] statutory commend and suffer … 'sanctions and perhaps loss of license'").

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 55.**

56. An actual and substantial controversy exists between Plaintiffs and Defendants as to their respective legal rights and duties. Plaintiffs contend, pursuant to 42 U.S.C. § 1983, that Defendants' challenged practices violate the Second and Fourteenth Amendments. Plaintiffs are informed and believe, and allege on that basis, the Defendants contend otherwise on all counts.

**ANSWER:** **Defendants deny that there is a case or controversy between the remaining Plaintiffs and Defendants because the ISRA and SAF lack standing to bring these claims. Defendants admit that Plaintiffs have brought claims under the Second and Fourteenth Amendments, and Defendants deny that those claims have any merit.**

### COUNT I: VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### U.S. CONST. AMENDS. II AND XIV, 42 U.S.C. § 1983

57. Plaintiffs incorporate and reallege all of the foregoing Paragraphs as if fully restated herein.

**ANSWER:** **Defendants incorporate and reallege their answers to the foregoing Paragraphs as if fully restated herein.**

58. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

**ANSWER:** **Defendants admit the allegations contained in Paragraph No. 58.**

59. The Second Amendment is "fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

**ANSWER:** **Defendants admit the allegations contained in Paragraph No. 59.**

60. The right to keep and bear arms protected by the Second Amendment is a fundamental individual right and includes both the right to possess a firearm for "defense of hearth and home," *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) as well as the right

to carry a firearm for self-defense outside the home, *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012).

**ANSWER:** **Defendants admit the allegations contained in Paragraph No. 60.**

61. Defendants' failure to comply with their statutory obligation and issue FOID cards in accordance with the 30-day legislative command to Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and to the affected members of Plaintiffs ISRA and SAF has completely denied those individuals their constitutionally guaranteed rights to keep and bear arms for self-defense.

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 61.**

62. The Defendants, under color of state law, have deprived and are depriving Plaintiffs Robinson, Marszalek, LaVallie, and Sorenson, and the affected members of Plaintiffs ISRA and SAF, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution. These individuals were and are thus injured in violation for 42 U.S.C. § 1983. Plaintiffs are therefore entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of their rights.

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 62.**

63. The Defendants' failure to timely issue FOID cards and violations of applicants' Second Amendment rights injure Plaintiff ISRA because they deprive ISRA of revenue from individuals who otherwise would be able to become members of its firing range. Plaintiff ISRA is therefore entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of its would-be range members.

**ANSWER:** **Defendants deny the allegations contained in Paragraph No. 62.**

## COUNT II: VIOLATION OF RIGHT TO PROCEDURAL DUE PROCESS
## U.S. CONST. AMEND. XIV, 42 U.S.C. § 1983

**ANSWER:** On January 26, 2022, Count II of Plaintiffs' Amended Complaint was dismissed. To the extent that any answer to Count II is necessary, Defendants deny the allegations contained in Count II.

**ANSWERING FURTHER, Defendants deny each and every allegation not heretofore answered.**

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief and requests that this Court enter judgment in favor of Defendants and against Plaintiffs and for any other relief that this Court deems just and reasonable.

February 21, 2022

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Mary A. Johnston*
Mary A. Johnston
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-4417
Mary.johnston@ilag.gov

*Counsel for Defendants*